UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LELAND FOSTER, Individually,

        Plaintiff,

v.

NATIONAL 55 LIMITED PARTNERSHIP, a Wisconsin Limited Partnership,

        Defendant.

Case No. 2:15-cv-161

# COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

Plaintiff, LELAND FOSTER, Individually, (sometimes referred to as "Plaintiff"), hereby sue the Defendant NATIONAL 55 LIMITED PARTNERSHIP, a Wisconsin Limited Partnership (sometimes referred to as "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

## PARTIES

1. Plaintiff, LELAND FOSTER, is an individual residing in Swanton, OH, in the County of Fulton.

2. Defendant is the owner of property, BEST WESTERN WOODS VIEW INN, located at 5501 West National Avenue, West Milwaukee, WI in County of MILWAUKEE.

## JURISDICTION AND VENUE

3. Count I is brought pursuant to the laws of the United States, therefore the Court has jurisdiction pursuant to 28 U.S.C. §1331. Count II utilizes the same core of operative

fact, and is therefore subject to supplemental jurisdiction pursuant to 28 U.S.C. §1367.

4. Venue is properly located in the Eastern District of Wisconsin because venue lies in the judicial district of the property situs. The Defendant's property is located in and does business within this judicial district.

5. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202.

6. Plaintiff, LELAND FOSTER is an Ohio resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. Leland Foster is an individual diagnosed with cerebral palsy and permanently uses a wheelchair for mobility. Additionally Leland Foster has difficulty grasping with his hands also as a result of his disability. LELAND FOSTER has visited and stayed as a hotel guest at the property which forms the basis of this lawsuit and plans to return to the property to avail himself of the goods and services offered to the public at the property. The Plaintiff has encountered architectural barriers at the subject property. The barriers to access at the property have endangered his safety.

7. LELAND FOSTER is an avid adaptive sports enthusiast and participates regularly in cycle, triathlon and 5k events, as well as adaptive skiing, kayaking and hockey. Wisconsin arguably now has the most active adaptive sports community in the United States, hosting many events, and Mr. Foster is a frequent participant in these Wisconsin based events. He has been to SE Wisconsin for sporting events no fewer than twenty times in the past two years, most recently as participant in a participant in a hand-cycle

clinic in Milwaukee on July 1, 2014 and as a spectator at the USA Cycling Para-cycling Road National Championships hosted July 4-6, 2014 in Madison, WI. He was a hotel guest at this property on November 24, 2014 and has definite plans to return.

8. Completely independent of the personal desire to have access to this place of public accommodation free of illegal barriers to access, Plaintiff also acts as a "tester" for the purpose of discovering, encountering, and engaging discrimination against the disabled in public accommodations. When acting as a "tester," Plaintiff employs a routine practice. Plaintiff personally visits the public accommodation; engages all of the barriers to access, or at least all of those that Plaintiff is able to access; and tests all of those barriers to access to determine whether and the extent to which they are illegal barriers to access; proceeds with legal action to enjoin such discrimination; and subsequently returns to the premises to verify its compliance or non-compliance with the ADA and to otherwise use the public accommodation as members of the able-bodied community are able to do. Independent of other subsequent visits, Plaintiff also intends to visit the premises annually to verify its compliance or non-compliance with the ADA, and its maintenance of the accessible features of the premises. In this instance, Plaintiff, in Plaintiff's individual capacity as a customer and as a "tester," visited the Facility, encountered barriers to access at the Facility, and engaged and tested those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access and the ADA violations set forth herein.

9. Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The

place of public accommodation that the Defendant owns, operates, leases or leases to is known as BEST WESTERN WOODS VIEW INN is located at 5501 West National Avenue, West Milwaukee, WI.

10. LELAND FOSTER has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 12 of this complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. LELAND FOSTER desires to visit BEST WESTERN WOODS VIEW INN not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

11. The Defendant has discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

12. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of BEST WESTERN WOODS VIEW INN has shown that violations exist. These violations include, but are not limited to:

Parking

    A. There are no designated accessible van parking spaces, in violation of the ADA whose remedy is readily achievable.

    B. There are no adjacent access aisles to any designated accessible parking spaces in violation of the ADA whose remedy is readily achievable.

Accessible Routes

    C.    There is no accessible route to the hotel conference rooms, the fitness center and swimming pool and spa due to being on a floor accessible only by stairs in violation of the ADA whose remedy is readily achievable.

    D.    There are non compliant as well as missing handrails on the ramp at passenger loading zone in violation of the ADA whose remedy is readily achievable.

    E.    There is none or an insufficient level landing at terminus of ramp at passenger loading zone in violation of the ADA whose remedy is readily achievable.

    F.    There are doors with hardware that require tight clasping or twisting in violation of the ADA on various accessible routes throughout the hotel and at stairwells.

    G.    The hotel entrance immediately adjacent to designated accessible parking remains locked during business hours and opens only to a key or intercom. This intercom is not continuously manned or otherwise is inoperable and can leave a disabled patron with no accessible route to lobby entrance due to steep hill.

    H.    Elevator call buttons and floor buttons are mounted in excess of allowable range in violation of the ADA whose remedy is readily achievable.

    I.    Elevator door jams are not identified with signage that includes Braille in violation of the ADA whose remedy is readily achievable.

    J.    There are steps on the accessible route to the swimming with no alternate route in violation of the ADA whose remedy is readily achievable.

Guestrooms

    K.    In the designated accessible guestroom the closet rack, iron, peep hole and door latch, curtain rods and other amenities are each mounted in excess of allowable range in violation of the ADA whose remedy is readily achievable.

    L.    In the designated accessible guestroom the desk does not allow sufficient knee clearance in violation of the ADA whose remedy is readily achievable.

    M.    There is not sufficient clear floor space to navigate between the bed, desk or other furniture throughout the room in violation of the ADA whose remedy is readily achievable.

    N.    There is insufficient clear floor space to guest bathroom lavatory due to objects placed in the space in violation of the ADA whose remedy is readily achievable.

    O.    There are exposed pipes under the lavatory without insulation to protect for scalding or burning in violation of the ADA whose remedy is readily achievable.

    P.    The guestroom offer an alternate configuration roll-in shower type pursuant to 2010 Standards for Accessible Design § 608.2.3 but this roll-in shower does not

provide a minimum 36 inch wide entry but is several inches too narrow in violation of the ADA whose remedy is readily achievable.

- Q. The roll-in shower does not provide a fixed flip down shower seat in violation of the ADA whose remedy is readily achievable.

- R. The roll-in shower dimensions do not conform to the ADA standards and the shower offered is too narrow in violation of the ADA whose remedy is readily achievable

- S. The shower head must be mounted within operable parts required height range whereas this unit is fixed at 54 inches in height in violation of the ADA whose remedy is readily achievable.

- T. The detachable shower head does not have required on/off switch in violation of the ADA whose remedy is readily achievable.

- U. There are no visual alarms in the guestroom bathroom in violation of the ADA whose remedy is readily achievable.

Swimming Pool

- V. There is no adaptive pool lift provided at hotel pool or hotel spa in violation of the ADA and "safe harbor" exemptions do not extend to provisions of the 2010 ADAAG that were not previously codified under the 1991 regulations.

- W. First aid boxes and other pool area amenities are mounted in excess of allowable designated height ranges.

Swimming Pool, Fitness and Conference Room Restrooms

- X. There is no or insufficient knee and toe clearance at the lavatory in men's restroom.

- Y. The accessible toilet compartment in men's and women's restrooms have insufficient clear floor space in violation of the ADA whose remedy is readily achievable.

- Z. There are dispensers mounted in excess of allowable height range in violation of the ADA whose remedy is readily achievable.

- AA. The toilet unit in the designated accessible toilet compartment has a flush control that is not situated on open side of unit in violation of the ADA whose remedy is readily achievable.

Access to Goods and Services

BB. The Elevator closes in less than 10 seconds in violation of the ADA whose remedy is readily achievable.

CC. Passenger loading zone does not comply with ADAAG.

DD. There are no accessible dining tables with sufficient knee clearance and depth in breakfast service area in violation of the ADA whose remedy is readily achievable.

Policies and Procedures:

EE. The operator has inadequate or completely lacks defined policies and procedures for the assistance of disabled patrons.

13. The discriminatory violations described in paragraph 12 are not an exclusive list of the Defendant's ADA violations. Plaintiff requires the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The Plaintiff, has been denied access to, and has been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and has otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITES ACT

14. Plaintiff restates the allegations of ¶¶1-13 as if fully rewritten here.

15. BEST WESTERN WOODS VIEW INN, and the businesses therein, are public accommodations and service establishments, and as such must be, but are not, in compliance

with the Americans with Disabilities Act ("ADA") and Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

16. Plaintiff was unlawfully denied full and equal enjoyment of the goods, services, facilities, privileges, and advantages of the property and the businesses therein on the basis of his disability, due to Defendant's property failing to be in compliance with Title III of the Americans with Disabilities Act and its accompanying regulations. as prohibited by 42 U.S.C. § 12182, *et seq.,* and will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the facility, including those specifically set forth herein, and make the facility accessible to and usable by persons with disabilities, including Plaintiff.

17. The Plaintiff, and others similarly-situated, are without adequate remedy at law and are suffering irreparable harm, and reasonably anticipate that they will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Facility, including those set forth herein.

18. Pursuant to 42 U.S.C. §12187, Plaintiff requests that the Court issue an injunction requiring Defendant to make such readily achievable alterations as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons. In connection with that relief, Plaintiff requests reasonable attorneys fees and costs of maintaining this action.

## COUNT II
## VIOLATION OF 106.52 OF WISCONSIN STATUTES

19. Plaintiff restates the allegations of ¶¶1-18 as if fully rewritten here.

20. BEST WESTERN WOODS VIEW INN and the businesses therein, are "public place[s] of accommodation or amusement " pursuant to WI. Code §106.52.

21. Defendant committed an unlawful act pursuant to WI. Code §106.52 by denying Plaintiff equal access to and use of public accommodations, thereby giving preferential treatment to some classes of persons in providing services or facilities over others because of Plaintiff's disability. Wherefore, Plaintiff experienced the following discrimination:

   A. Prior to check-in Leland Foster attempted to access hotel entrance nearest the accessible parking but the call button was not responded to for a period of several minutes and as a result he required assistance pushing up a very steep hill to the lobby entrance.

   B. Leland Foster inquired with front desk he wanted a swim and soak in hot tub after dinner but was advised there is no route for a person who uses a wheelchair for mobility to access the pool area.

   C. Leland Foster was unable to utilize the designated accessible guestroom roll-in shower due to the narrow entry and lack of an installed shower seat.

   D. Leland Foster raised his concerns with the front desk and, while Leland Foster notes the staff was very pleasant, they could not make accommodations.

22. Pursuant to WI. Code §106.52(4)(e)(1), Plaintiff is entitled to compensatory and punitive damages as necessary to insure justice, and attorneys fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal access to and use of its goods, services, facilities, privileges, and advantages to disabled persons.

**WHEREFORE**, Plaintiff demands,

for Count I, an injunction requiring Defendant to make all readily achievable alterations to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons, and the reasonable attorneys fees and costs of maintaining this action; and,

for Count II, compensatory and punitive damages, and attorneys fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal access to and use of the

goods, services, facilities, privileges, and advantages to disabled persons.

                                      Respectfully Submitted,

                                      *Counsel for Plaintiff:*

                                      \s\ Owen B Dunn Jr --   dated: February 9, 2015
                                      Owen B. Dunn, Jr., Esq. OH Bar Number 0074743
                                      Law Office of Owen B. Dunn, Jr.
                                      The Ottawa Hills Shopping Center
                                      4334 W. Central Ave., Suite 222
                                      Toledo, OH 43615
                                      (419) 241-9661 – Phone
                                      (419) 241-9737 - Facsimile
                                      dunnlawoffice@sbcglobal.net